**FILED**
**07-28-2021**
**Clerk of Circuit Court**
**Washington County, WI**
**2021CV000364**
**Honorable Todd K.**
**Martens**
**Branch 3**

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **WASHINGTON**

Rick L. Chianelli et al vs. Home Depot U.S.A., Inc. et al     **Electronic Filing Notice**

Case No. 2021CV000364
Class Code: Product Liability

WHIRLPOOL CORPORATION
8040 EXCELSIOR DR., SUITE 400
MADISON WI 53717

Case number 2021CV000364 was electronically filed with/converted by the Washington County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at http://efiling.wicourts.gov/ and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 84cd8f**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-335-4341.

Washington County Circuit Court
Date: July 30, 2021

# EXHIBIT A

FILED
07-28-2021
Clerk of Circuit Court
Washington County, WI
2021CV000364
Honorable Todd K.
Martens
Branch 3

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart
1900 S. 18th Avenue
West Bend, WI 53095

                              Plaintiffs,

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

Involuntary Plaintiffs,
       -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

                         Defendants.

**SUMMONS**

30100 – Product Liability
30107 – Personal Injury - Other
CLAIM IN EXCESS OF $5,000

---

THE STATE OF WISCONSIN

To each person named above as a defendant:

     You are hereby notified that the plaintiff named above has filed a lawsuit or other legal

action against you. The complaint, which is attached, states the nature and basis of the legal action.

1

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 432 East Washington Street, West Bend, Wisconsin, and to plaintiff's attorney, whose address is 330 East Kilbourn Avenue, Milwaukee, Wisconsin. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2021.

MURPHY & PRACHTHAUSER
Attorneys for Plaintiffs, Rick L. Chianelli and Jean Chianelli


*By: electronically signed by Thadd. J. Llaurado*

Thadd J. Llaurado (# 1000773)
Michelle M. Hockers (# 1095173)

P.O. ADDRESS:
330 E. Kilbourn Ave, Suite 1200
Milwaukee, WI 53202
Phone: 414-271-1011
Fax: 414-271-9987
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

2

BORGELT POWELL PETERSON & FRAUEN, S.C.
Attorneys for Plaintiff, West Bend Mutual Ins. Co.


By: */s/ Patrick D. McNally*

Patrick D. McNally (#1041471)

P.O. ADDRESS:
1243 North 10th Street, Suite 300
Milwaukee, WI 53205
Phone: 414-276-3600
Fax: 414-276-0172
pmcnally@borgelt.com

3

FILED
07-28-2021
Clerk of Circuit Court
Washington County, WI
2021CV000364
Honorable Todd K.
Martens
Branch 3

STATE OF WISCONSIN     CIRCUIT COURT     WASHINGTON COUNTY

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart
1900 S. 18th Avenue
West Bend, WI 53095

                Plaintiffs,

**COMPLAINT**

30100 – Product Liability
30107 – Personal Injury - Other
CLAIM IN EXCESS OF $5,000

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

             Involuntary Plaintiffs,

    -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

            Defendants.

Plaintiffs, Rick L. Chianelli and Jean A. Chianelli, by and through their attorneys Murphy

& Prachthauser, S.C. and West Bend Mutual Insurance Company, by and through their attorneys,

Borgelt Powell Peterson & Frauen, S.C. complain of the Defendants as follows:

1

## PARTIES

1. Plaintiffs, Rick L. Chianelli and Jean A. Chianelli, husband and wife, are adult residents and citizens of the State of Wisconsin, residing at 8565 Fairview Drive, Allenton, Wisconsin.

2. Plaintiff, West Bend Mutual Insurance Company, is a Wisconsin insurance corporation with offices of its Registered Agent, Christopher Zwygart, located at 1900 S. 18th Avenue, West Bend, Wisconsin 53095; At all times pertinent, West Bend Mutual Insurance Company had a policy of homeowners insurance issued to Rick L. Chianelli and Jean A. Chianelli providing coverage for their home located at 8565 Fairview Drive, Allenton, Wisconsin.

3. Involuntary Plaintiff, Xavier Becerra, is the acting Secretary of the United States Department of Health and Human Services and has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program. Upon information and belief, the Medicare program paid health claims on behalf of the Plaintiff, Rick L. Chianelli, for medical care and services rendered as a result of the incident, which is the subject of this action. Pursuant to 42 U.S.C. Section 1395(b)(2), Medicare may be entitled to reimbursement for the related paid claims if plaintiff recovers through settlement or judgment.

4. Defendant, Whirlpool Corporation is a Delaware corporation with its principal place of business in Delaware. Whirlpool Corporation is registered to do business in, and was at all times relevant herein, engaged in substantial business in the State of Wisconsin. The statutory agent for service of process upon Defendant Whirlpool Corporation in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. At all times pertinent, Whirlpool Corporation through its subsidiary Maytag Corporation designed, manufactured, and sold a Jenn-Air Double Oven Freestanding Range, which was ultimately purchased by Rick L. Chianelli.

2

5.    Defendant, Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business located in Georgia. Home Depot U.S.A., Inc. is registered to do business in, and was at all times relevant herein, engaged in substantial business in the State of Wisconsin. The statutory agent for service of process upon Defendant Home Depot U.S.A., Inc. is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. At all times pertinent, Home Depot U.S.A., Inc. through its Home Depot Store located at 700 W Paradise Drive, West Bend, WI 53095, delivered and installed a Jenn-Air Double Oven Freestanding Range at the Chianelli home located at 8565 Fairview Drive, Allenton, Wisconsin 53002.

6.    Defendant, John Doe, is described as the individual and resident of Washington County who installed the Jenn-Air Double Oven Freestanding Range at the Chianelli home and who removed the component that provides separation between the gas and electrical components to the unit or failed to repot the component was missing when provided by the manufacturer.

## PERSONAL JURISDICTION

7.    Defendant Whirlpool Corporation designed, manufactured, distributed, marketed, advertised, and sold home appliances, including the Jenn-Air Double Oven Freestanding Range at issue in this case into the stream of commerce, including transactions directly conducted by and/or through Whirlpool Corporation distributors and third-party distributors in Wisconsin.

8.    Defendant Whirlpool Corporation sold the Jenn-Air Double Oven Freestanding Range at issue in this case to Defendant Home Depot U.S.A., Inc.'s Home Depot store located at 700 W. Paradise Drive, West Bend, Wisconsin 53095, in Washington County, Wisconsin.

9.    Defendant Home Depot U.S.A., Inc. through its agents and employees at the Home Depot store located at 700 W. Paradise Drive, West Bend, Wisconsin 53095 delivered and installed the Jenn-Air Double Oven Freestanding Range at the Chianelli home located at 8565 Fairview Drive, Allenton, Wisconsin 53002, which is Wisconsin.

3

10.    Defendant Whirlpool Corporation marketed, advertised, and sold their products in the State of Wisconsin and knew during the manufacture and sale of their products that the Jenn-Air Double Oven Freestanding Range would be purchased and used by consumers in the Wisconsin market.

11.    Defendant Whirlpool Corporation's contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

12.    Additionally, and in the alternative, Defendant Whirlpool Corporation purposefully availed itself of the Wisconsin market, placed their products into the stream of commerce and conferring jurisdiction comports with the notions of fair play and substantial justice. Defendant Whirlpool Corporation's contacts with the State of Wisconsin are sufficient to support proper exercise of personal jurisdiction.

13.    Defendant Home Depot U.S.A., Inc. marketed, advertised, and sold products in the State of Wisconsin, specifically at a store located in the Washington County, Wisconsin, where the product at issue was purchased, and knew their products would be purchased and used by consumers in Wisconsin.

14.    Defendant Home Depot U.S.A., Inc.'s contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

15.    Additionally, and in the alternative, Defendant Home Depot U.S.A., Inc. purposefully availed itself of the Wisconsin market, placed their products into the stream of commerce and conferring jurisdiction comports with the notions of fair play and substantial justice. Defendant Home Depot U.S.A., Inc.'s contacts with the State of Wisconsin are sufficient to support proper exercise of personal jurisdiction.

4

16.    Defendant John Doe is a resident of Washington County, Wisconsin.

## VENUE

17.    The incident which forms the basis of this complaint occurred at 8565 Fairview Drive in Washington County, Wisconsin.

## GENERAL ALLEGATIONS

18.    On April 12, 2020, Jean A. Chianelli pre-heated the Jenn-Air Double Oven Freestanding Range to prepare a meal and was using the front burner on the gas cooktop when she heard a snap and the entire unit erupted in flames.

19.    Rick L. Chianelli saw the flames and attempted to put out the fire and disable the gas line connecting to the Jenn-Air Double Oven Freestanding Range.

20.    As Rick L. Chianelli was attempting to put out the flames, he sustained severe third degree burns.

21.    At an inspection of the Jenn-Air Double Oven Freestanding Range, about which all Defendants received notice, it was discovered a plate that should have been in place to separate the gas line and the electrical components of the stove was not present Jenn-Air Double Oven Freestanding Range.

22.    At the time the incident occurred, the Jenn-Air Double Oven Freestanding Range was defective and unreasonably dangerous.

23.    As a result of the defects in the Jenn-Air Double Oven Freestanding Range, Rick L. Chianelli sustained personal injuries for which he claims damages.

24.    As a result of the defects in the Jenn-Air Double Oven Freestanding Range, Jean A. Chianelli was deprived of the services, society, and companionship of her husband, Rick L. Chianelli, resulting in damages in an unspecified amount to be determined at trial.

5

25.    As a result of the defects in the Jenn-Air Double Oven Freestanding Range, West Bend Mutual Insurance Company was required to pay in excess of $75,000 in property damage for repairs to the Chianelli's home.

### FIRST CLAIM – STRICT LIABILITY AGAINST WHIRLPOOL CORPORATION

26.    Plaintiffs reallege and reincorporate paragraphs 1 through 26 herein.

27.    The Jenn-Air Double Oven Freestanding Range, which injured Plaintiff, Rick L. Chianelli and caused damage to the Chianelli home, was designed, manufactured, tested, marketed, and sold by Defendant, Whirlpool Corporation.

28.    The Jenn-Air Double Oven Freestanding Range was defective and unreasonably dangerous in design, manufacture, and warnings when it left the possession and control of Defendant Whirlpool Corporation.

29.    At the time the Jenn-Air Double Oven Freestanding Range was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers because it did not have the component to provide separation between the gas and electrical components to the unit.

30.    The Jenn-Air Double Oven Freestanding Range was expected to and did reach the Plaintiff, Rick L. Chianelli, without substantial change in the condition in which it was sold by Defendant, Whirlpool Corporation.

31.    The Jenn-Air Double Oven Freestanding Range was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by Defendant Whirlpool Corporation and the omission of the alternative designs rendered the product not reasonably safe.

32.    The Jenn-Air Double Oven Freestanding Range was defective because the product departed from its intended design.

6

33.    The Jenn-Air Double Oven Freestanding Range was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendant Whirlpool Corporation and the omission of the instructions or warnings rendered the product not reasonably safe.

34.    The unreasonably dangerous and defective condition of the Jenn-Air Double Oven Freestanding Range, was a substantial factor in causing the injuries and damages sustained by the Plaintiffs.

35.    At the time of the incident described herein, the Jenn-Air Double Oven Freestanding Range, was being used in a manner reasonably anticipated by Defendant Whirlpool Corporation.

36.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

37.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli's enjoyment of life has been permanently damaged, diminished, and impaired.

38.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli has suffered and in the future will endure, pain, suffering, and disability for which he claims damages in an unspecified amount.

39.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Jean A. Chianelli claims damages against Defendant Whirlpool Corporation for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

40.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Jean A. Chianelli claims damages against Defendant Whirlpool Corporation for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

41.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, West Bend Mutual Insurance Company claims damages for the property damage repairs incurred and paid out under the homeowners insurance policy issued to the Chianellis.

### SECOND CLAIM – NEGLIGENCE AGAINST WHIRLPOOL CORPORATION

42.    Plaintiffs reallege and reincorporate paragraphs 1 through 41 herein.

43.    Defendant Whirlpool Corporation designed and manufactured the Jenn-Air Double Oven Freestanding Range in the ordinary course of its business.

44.    Defendant Whirlpool Corporation was negligent in the design, testing, manufacture, warnings, and sale of the Jenn-Air Double Oven Freestanding Range, which failed when the product was being used in a foreseeable manner.

45.    Defendant Whirlpool Corporation was negligent for failing to include a component between the gas and electrical components of the Jenn-Air Double Oven Freestanding Range.

46.    Defendant Whirlpool Corporation was negligent for allowing a component between the gas and electrical components of the Jenn-Air Double Oven Freestanding Range to be able to be removed.

8

47.     Defendant Whirlpool Corporation was negligent for not providing instructions to its authorized distributors and/or installers regarding the importance of the component between the gas and electrical components of the Jenn-Air Double Oven Freestanding Range to be left in place on the unit.

48.     The negligence of Defendant Whirlpool Corporation was a substantial factor in causing Plaintiff Rick L. Chianelli's serious, permanent, and disabling injuries.

49.     As a result of the negligence of Defendant Whirlpool Corporation, Plaintiff Rick L. Chianelli was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

50.     As a result of the negligence of Defendant Whirlpool Corporation, Plaintiff Rick L. Chianelli's enjoyment of life has been permanently damaged, diminished, and impaired.

51.     As a result of the negligence of Defendant Whirlpool Corporation, Plaintiff Rick L. Chianelli has suffered and in the future will endure, pain, suffering, and disability for which he claims damages in an unspecified amount.

52.     As a result of the negligence of Defendant Whirlpool Corporation, Plaintiff Jean A. Chianelli claims damages against Defendant Whirlpool Corporation for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

53.     As a result of the negligence of Defendant Whirlpool Corporation, Plaintiff Jean A. Chianelli claims damages against Defendant Whirlpool Corporation for the loss of services,

9

society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

54.    As a result of the negligence of Defendant Whirlpool Corporation, West Bend Mutual Insurance Company claims damages for the property damage repairs incurred and paid out under the homeowners insurance policy issued to the Chianellis.

## THIRD CLAIM – STRICT LIABILITY AGAINST HOME DEPOT U.S.A., INC.

55.    Plaintiffs reallege and reincorporate paragraphs 1 through 54 herein.

56.    The Jenn-Air Double Oven Freestanding Range, which injured Plaintiff, Rick L. Chianelli and caused damage to the Chianelli home, was sold and improperly installed by Defendant, Home Depot U.S.A., Inc.

57.    In the alternative, the Jenn-Air Double Oven Freestanding Range, which injured Plaintiff, Rick L. Chianelli and caused damage to the Chianelli home, was designed, manufactured, tested, marketed, and sold by Defendant, Whirlpool Corporation, which is subject to the jurisdiction of this court.

58.    When Defendant Home Depot U.S.A., Inc. took possession of the subject Jenn-Air Double Oven Freestanding Range, Home Depot U.S.A., Inc. assumed the duties of the manufacturer with respect to the design, manufacture, and warnings of the subject range by improperly disassembling and/or reassembling the product.

59.    The Jenn-Air Double Oven Freestanding Range was defective and unreasonably dangerous in design, manufacture, and warnings when it left the possession and control of Defendant Home Depot U.S.A., Inc. because it was missing the component between the electrical components and the gas line.

60.    At the time the Jenn-Air Double Oven Freestanding Range was delivered and installed at the Chianelli home, it was in a defective and unreasonably dangerous condition to users

10

and consumers because it did not have the component to provide separation between the gas and electrical components to the unit.

61.     The Jenn-Air Double Oven Freestanding Range was expected to and did reach the Plaintiff, Rick L. Chianelli, without substantial change in the condition in which it was sold by Defendant, Home Depot U.S.A., Inc.

62.     The Jenn-Air Double Oven Freestanding Range was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by Defendant Home Depot U.S.A., Inc. and the omission of the alternative designs rendered the product not reasonably safe.

63.     The Jenn-Air Double Oven Freestanding Range was defective because the product departed from its intended design.

64.     The Jenn-Air Double Oven Freestanding Range was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendant Home Depot U.S.A., Inc. and the omission of the instructions or warnings rendered the product not reasonably safe.

65.     The unreasonably dangerous and defective condition of the Jenn-Air Double Oven Freestanding Range was a substantial factor in causing the injuries and damages sustained by the Plaintiffs.

66.     At the time of the incident described herein, the Jenn-Air Double Oven Freestanding Range, was being used in a manner reasonably anticipated by Defendant Home Depot U.S.A., Inc.

67.     As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did

11

incur hospital, medical, professional, and incidental expenses, and by reason of his injuries will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

68.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli's enjoyment of life has been permanently damaged, diminished, and impaired.

69.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Rick L. Chianelli has suffered and in the future will endure, pain, suffering, and disability for which he claims damages in an unspecified amount.

70.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Jean A. Chianelli claims damages against Defendant Home Depot U.S.A., Inc. for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

71.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, Plaintiff Jean A. Chianelli claims damages against Defendant Home Depot U.S.A., Inc. for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

72.    As a result of the defective and unreasonably dangerous condition of the Jenn-Air Double Oven Freestanding Range, West Bend Mutual Insurance Company claims damages for the property damage repairs incurred and paid out under the homeowners insurance policy issued to the Chianellis.

## FOURTH CLAIM – NEGLIGENCE AGAINST HOME DEPOT U.S.A., INC. AND JOHN DOE

12

73.     Plaintiffs reallege and reincorporate paragraphs 1 through 72.

74.     Defendants Home Depot U.S.A., Inc. and John Doe manufactured, delivered, and installed the Jenn-Air Double Oven Freestanding Range in the ordinary course of its business.

75.     Defendants Home Depot U.S.A., Inc. and John Doe were negligent in the design, testing, manufacture, warnings, and sale of the Jenn-Air Double Oven Freestanding Range, which failed when the product was being used in a foreseeable manner.

76.     Defendants Home Depot U.S.A., Inc. John Doe were negligent for failing to include a component, failing to notice the component was not present, and/or removing a component between the gas and electrical components of the Jenn-Air Double Oven Freestanding Range.

77.     The negligence of Defendants Home Depot U.S.A., Inc. and John Doe was a substantial factor in causing Plaintiff Rick L. Chianelli's serious, permanent, and disabling injuries.

78.     As a result of the negligence of Defendants Home Depot U.S.A., Inc. and John Doe, Plaintiff Rick L. Chianelli was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

79.     As a result of the negligence of Defendants Home Depot U.S.A., Inc. and John Doe, Plaintiff Rick L. Chianelli's enjoyment of life has been permanently damaged, diminished, and impaired.

13

80.     As a result of the negligence of Defendants Home Depot U.S.A., Inc. and John Doe, Plaintiff Rick L. Chianelli has suffered and in the future will endure, pain, suffering, and disability for which he claims damages in an unspecified amount.

81.     As a result of the negligence of Defendants Home Depot U.S.A., Inc. and John Doe, Plaintiff Jean A. Chianelli claims damages against Defendants Home Depot U.S.A., Inc. and John Doe for the loss of services, society, and companionship of her husband due to the injuries he sustained in an unspecified amount.

82.     As a result of the negligence of Defendants Home Depot U.S.A., Inc. and John Doe, West Bend Mutual Insurance Company claims damages for the property damage repairs incurred and paid out under the homeowners insurance policy issued to the Chianellis.

WHEREFORE, Plaintiffs, Rick L. Chianelli, Jean A. Chianelli, and West Bend Mutual Insurance Company demand judgment in their favor for damages against the defendants jointly and severally together with the taxable costs and disbursements incurred herein.


Dated at Milwaukee, Wisconsin, this 28th day of July, 2021.

                         MURPHY & PRACHTHAUSER
                         Attorneys for Plaintiffs, Rick L. Chianelli and Jean
                         Chianelli

                         By: *electronically signed by Thadd. J. Llaurado*
                         Thadd J. Llaurado (# 1000773)
                         Michelle M. Hockers (# 1095173)

P.O. ADDRESS:
330 E. Kilbourn Ave, Suite 1200
Milwaukee, WI 53202
Phone: 414-271-1011
Fax: 414-271-9987
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

14

BORGELT POWELL PETERSON & FRAUEN, S.C.
Attorneys for Plaintiff, West Bend Mutual Ins. Co.

By: /s/ Patrick D. McNally
Patrick D. McNally (#1041471)

P.O. ADDRESS:
1243 North 10th Street, Suite 300
Milwaukee, WI 53205
Phone: 414-276-3600
Fax: 414-276-0172
pmcnally@borgelt.com

**DEMAND IS HEREBY MADE FOR A TRIAL BY JURY.**

15

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

---

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart          Case No.: 2021CV000364
1900 S. 18th Avenue                                    30100 – Product Liability
West Bend, WI 53095                                       30107 – Personal Injury - Other
                                                         CLAIM IN EXCESS OF $5,000

                    Plaintiffs,

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

                    Involuntary Plaintiffs,

        -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

                    Defendants.

---

**PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES
TO DEFENDANT WHIRLPOOL CORPORATION**

---

TO:    WHIRLPOOL CORPORATION

c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

PLEASE TAKE NOTICE that the defendant, Whirlpool Corporation is required to answer the following interrogatories under oath and in accordance with §804.08, Wis. Stats., within forty-five (45) days after service.

## DEFINITIONS

1.      The terms "You," "Your," and "Your Company" refer to Whirlpool Corporation and every department, division, office, agency or affiliate thereof. These words or phrases include any successor or predecessor firms or corporations, any parent corporations and holding companies with which the Defendant is associated, any subsidiaries and/or other companies that are owned, in whole or in part, by this Defendant, whether foreign or domestic. Finally, these words and phrases specifically include present and former officers, directors, agents, employees and any and all other persons, firms or corporations, acting or purporting to act on behalf of "you," or "your company."

2.      "Subject Product" shall mean the Jenn-Air Double Oven Freestanding Range, which is the subject of this litigation.

3.      "Incident" shall mean the event that occurred on April 12, 2020 at 8565 Fairview drive, Allenton, Wisconsin when the subject product erupted into flames and which is the subject of this litigation.

4.      "Subject Model Product" refers to the model Jenn-Air Double Oven Freestanding Range which is the subject of this litigation, including, but not limited to any other equivalent products.

5.     The term "documents" means the original and earlier draft copies of any written and printed matter of every kind or nature prepared or received by, or in the possession, control or custody of the answering party or the party's agents, servants, employees, or other representatives. The term "documents" includes Electronically Stored Information (ESI) maintained in electronic media that includes, but is not limited to, computer data systems, cloud accounts, personal smartphones and tablets, remote servers, social media accounts, third-party servers, and other removable media. Documents maintained as ESI should be produced in native or quasi-native format that is searchable, useable, and accessible, and should include the metadata attached to the document that describes how, when, and by whom the electronic document was created, modified, and transmitted.

## INTERROGATORIES

1.     Please identify each person providing information used to answer these interrogatories giving their full name, residence, business address and occupation and the office he/she holds with the defendant.

2.     State the corporate name of the entity responsible for designing the subject model product.

3.     State the corporate name of the entity responsible for manufacturing the subject model product.

4.     State the corporate name of the entity responsible for marketing the subject model product.

5.     State the corporate name of the entity responsible for distributing the subject model product.

6.      State when and where the Jenn-Air Double Oven Freestanding Range was manufactured.

7.      State the name and model of each product designed, manufactured, and sold by Whirlpool Corporation or its subsidiaries that is substantially similar in to the Jenn-Air Double Oven Freestanding Range, which is the subject of this litigation.

8.      State the corporate relationship between Maytag Corporation, Jenn-Air, and Whirlpool Corporation.

9.      Did Whirlpool Corporation., or any entity on its behalf, conduct any testing of the Jenn-Air Double Oven Freestanding Range to identify potential hazards involving the interaction between the gas line and electrical components to the product?

10.     If Whirlpool Corporation, or any entity on its behalf, conducted testing of the Jenn-Air Double Oven Freestanding Range, prior to April 12, 2020, please identify what testing was done, the date of the testing and who conducted the tests.

11.     Does Whirlpool Corporation or its subsidiaries provide instructions to its distributors or installers regarding delivery and installation of the subject product?

12.     Does Whirlpool Corporation or its subsidiaries provide warnings to its distributors or installers about the hazard relating to the interaction between the gas line and electrical components to the subject product?

13.     Does Whirlpool Corporation or its subsidiaries conduct inspections to ensure its product contains all required components prior to being shipped to a distributor for sale?

14.     What documentation exists showing Whirlpool Corporation or its subsidiaries verified that all components were part of the product before the product left its custody and control?

15. Are there any governmental standards which are applicable to the Subject Model Product? If so, state each such standard.

16. Does Whirlpool Corporation or its subsidiaries have any knowledge of incidents or accidents including, but not limited to, knowledge from notices of claims, claims or lawsuits where someone claimed that the plate separating the gas components and electrical components of its product was not in place, caused a fire, and caused injury? If so, please give the name of each claimant or plaintiff, their address, the nature of any claim or lawsuit, the caption of the case and the name of any attorney and his or her address and telephone number.

17. Is it the contention or allegation of the defendant that the plaintiff, Rick Chianelli, by any act or omission caused or contributed to cause the plaintiff's alleged injuries?

18. If your answer to the preceding interrogatory is in the affirmative, please state in detail each act or omission by the plaintiff which it is contended or alleged caused or contributed to cause the plaintiff's alleged injuries.

19. Is it your contention that others by any act or omission caused or contributed to plaintiff's alleged injuries?

20. If your answer to the preceding interrogatory is in the affirmative, please identify those others which you contend caused or contributed to plaintiff's alleged injuries.

21. Have you or anyone on your behalf taken any witness statements?

22. With respect to each witness from whom the defendants or any of their representatives have obtained written or recorded statements, please state the name and address of the witness and the date the statement was taken.

23. State the name of the insurance company of whom you have coverage concerning your alleged acts of negligence which is the subject of this litigation and the policy limits of the

insurance.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

P.O. ADDRESS:                                    MURPHY & PRACHTHAUSER
330 East Kilbourn Avenue, #1200                  Attorneys for Plaintiffs
Milwaukee, WI 53202
414-271-1011
414-271-9987 FAX                                 By: /s/ Thadd J. Llaurado
tllaurado@murphyprachthauser.com                         Thadd J. Llaurado (# 1000773)
mhockers@murphyprachthauser.com                          Michelle M. Hockers (# 1095173)

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart
1900 S. 18th Avenue
West Bend, WI 53095

Case No.: 2021CV000364
30100 – Product Liability
30107 – Personal Injury - Other
CLAIM IN EXCESS OF $5,000

                 Plaintiffs,

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

               Involuntary Plaintiffs,

   -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

             Defendants.

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WHIRLPOOL CORPORATION

---

TO:    WHIRLPOOL CORPORATION

c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

PLAINTIFF HEREBY REQUESTS, pursuant to the Wisconsin Rules of Civil Procedure that defendant produce within forty-five (45) days for examination and/or photocopying at the offices of Murphy & Prachthauser, 330 East Kilbourn Avenue, Suite 1200, Milwaukee, Wisconsin 53202, the documents listed below.

1.     The terms "You," "Your," and "Your Company" refer to Whirlpool Corporation and every department, division, office, agency or affiliate thereof. These words or phrases include any successor or predecessor firms or corporations, any parent corporations and holding companies with which the Defendant is associated, any subsidiaries and/or other companies that are owned, in whole or in part, by this Defendant, whether foreign or domestic. Finally, these words and phrases specifically include present and former officers, directors, agents, employees and any and all other persons, firms or corporations, acting or purporting to act on behalf of "you," or "your company."

2.     "Subject Product" shall mean the Jenn-Air Double Oven Freestanding Range, which is the subject of this litigation.

3.     "Incident" shall mean the event that occurred on April 12, 2020 at 8565 Fairview drive, Allenton, Wisconsin when the subject product erupted into flames and which is the subject of this litigation.

4.     "Subject Model Product" refers to the model Jenn-Air Double Oven Freestanding Range which is the subject of this litigation, including, but not limited to any other equivalent products.

5. The term "documents" means the original and earlier draft copies of any written and printed matter of every kind or nature prepared or received by, or in the possession, control or custody of the answering party or the party's agents, servants, employees, or other representatives. The term "documents" includes Electronically Stored Information (ESI) maintained in electronic media that includes, but is not limited to, computer data systems, cloud accounts, personal smartphones and tablets, remote servers, social media accounts, third-party servers, and other removable media. Documents maintained as ESI should be produced in native or quasi-native format that is searchable, useable, and accessible, and should include the metadata attached to the document that describes how, when, and by whom the electronic document was created, modified, and transmitted.

## REQUESTS FOR PRODUCTION

1. Produce any and all engineering drawings, blueprints, plans, assembly drawings, subassembly drawings, and detail drawings pertaining to the Jenn-Air Double Oven Freestanding Range, which is the subject of this litigation.

2. Produce any and all material specifications related the Subject Model Product, including, but not limited to, design criteria, manufacturing specifications, and safety segment guidelines.

3. Produce any and all product change notices, change orders, or other similar documents for the Subject Model Product.

4. Produce any and all documents relating to the manufacturing process of creating the Subject Model Product.

5. Produce any and all materials including, but not limited to, documents, emails, or reports related to the intended uses for the Subject Model Product.

6.     Produce any and all materials relating to delivery and installation of the subject model product.

7.     Produce any and all testing done on the Subject Model Jenn-Air Double Oven Freestanding Range before it was offered for sale to customers, including, but not limited to, test requests, reports, photographs, videos, and film, conducted by Whirlpool Corporation, its subsidiaries, or anyone on its behalf.

8.     Produce any and all correspondence with Home Depot U.S.A., Inc. regarding the Jenn-Air Double Oven Freestanding Range or other products offered for sale and installation by Home Depot U.S.A., Inc.

10.     Produce any and all quality control documentation at Whirlpool Corporation or its subsidiaries confirming a product meets specifications before it is sold and sent to distributors.

11.     Produce any and all quality control documentation relating specifically to the subject product.

12.     Produce any and all documents regarding any standards to which the subject product is required to comply.

13.     Produce any and all materials relating to the analysis of the hazard of the gas components of the subject product coming into contact with the electrical components on the subject product.

14.     Produce any and all materials relating to the design and development of the plate that separates the gas components form the electrical components on the subject product.

15.     Produce any and all advertising material including, but not limited to, print advertisements, brochures, television scripts, and video commercials relating to the Subject Model Product.

16.     Produce any and all documents including, but not limited to, complaints, notices of claim, notice of injury, claims and/or lawsuits where someone claimed that the Subject Model Product was defective, negligently designed, negligently tested, and/or the product failed.

17.     Produce any and all warranty claims documentation regarding the Subject Model Product.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

P.O. ADDRESS:
330 East Kilbourn Avenue, #1200
Milwaukee, WI  53202
414-271-1011
414-271-9987 FAX
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

MURPHY & PRACHTHAUSER
Attorneys for Plaintiffs


By: _/s/ Thadd J. Llaurado_____
        Thadd J. Llaurado (# 1000773)
        Michelle M. Hockers (# 1095173)

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart          Case No.: 2021CV000364
1900 S. 18th Avenue                                   30100 – Product Liability
West Bend, WI 53095                                   30107 – Personal Injury - Other
                                                      CLAIM IN EXCESS OF $5,000

                    Plaintiffs,

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

                    Involuntary Plaintiffs,

          -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

                    Defendants.

---

## DESIGNEE NOTICE OF VIDEO DEPOSITION TO WHIRLPOOL CORPORATION

---

TO:    WHIRLPOOL CORPORATION
       c/o Its Registered Agent Corporation Service Company

8040 Excelsior Drive, Suite 400
Madison, WI 53717

PLEASE TAKE NOTICE that pursuant to §804.05, Wis. Stats., at the instance of Plaintiffs, the deposition is to be visually recorded, filed and preserved pursuant to the provisions of §885.44 and §885.46, Wis. Stats., before a Notary Public Reporter at the law offices of Murphy & Prachthauser, 330 East Kilbourn Avenue, Suite 1200, Milwaukee, WI 53202, on November 4, 2021, at 9:00 a.m., plaintiffs will take the depositions listed below pursuant to §804.05(2)(e):

Deponent:     One or more officers, directors or managing agents designated by Whirlpool Corporation to testify on its behalf regarding:

1.     The corporation relationship between Whirlpool Corporation, Maytag Corporation, and Jenn-Air.

2.     The design, development, manufacture, marketing, and sale of the subject model Jenn-Air Double Oven Freestanding Range.

3.     Quality control relating to the subject model product before it leaves the custody and control of Whirlpool Corporation or its subsidiaries.

4.     Testing done on the subject model Jenn-Air Double Oven Freestanding Range.

5.     The function of and placement of the plate separating the gas components from the electrical components in the subject model product.

6.     Reasons for removal of the plate separating the gas components and electrical components in the subject model product.

7.     All lawsuits, complaints, and/or petitions filed against Whirlpool Corporation or its subsidiaries in which it was alleged that the subject model product or similar product failed.

8.     All communication with Home Depot U.S.A., Inc. regarding installation and delivery of the Jenn-Air Double Oven Freestanding Range.

9.     All communication with Home Depot U.S.A., Inc. regarding the Jenn-Air Double Oven Freestanding Range.

This deposition will be subject to continuance from time to time and place to place until completed.

**Failure to appear may result in punishment for contempt.**

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

P.O. ADDRESS:
330 East Kilbourn Avenue, #1200
Milwaukee, WI 53202
414-271-1011
414-271-9987 FAX
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

MURPHY & PRACHTHAUSER
Attorneys for Plaintiffs

By:/s/ *Thadd J. Llaurado*
    Thadd J. Llaurado (# 1000773)
    Michelle M. Hockers (# 1095173)

STATE OF WISCONSIN      CIRCUIT COURT      WASHINGTON COUNTY

RICK L. CHIANELLI and JEAN A. CHIANELLI
8565 Fairview Drive
Allenton, WI 53002

WEST BEND MUTUAL INSURANCE COMPANY
c/o Its Registered Agent Christopher Zwygart            Case No.: 2021CV000364
1900 S. 18th Avenue                                     30100 – Product Liability
West Bend, WI 53095                                     30107 – Personal Injury - Other
                                                        CLAIM IN EXCESS OF $5,000

                        Plaintiffs,

XAVIER BECERRA
Secretary of Department
of Health and Human Services
c/o Assistant U.S. Attorney Greg Haanstad
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

                        Involuntary Plaintiffs,

        -vs-

HOME DEPOT U.S.A., INC.
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

WHIRLPOOL CORPORATION
c/o Its Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

JOHN DOE
A fictitious individual

                        Defendants.

## DESIGNEE NOTICE OF VIDEO DEPOSITION TO HOME DEPOT U.S.A., INC.

TO:    HOME DEPOT U.S.A., INC.
       c/o Its Registered Agent Corporation Service Company

8040 Excelsior Drive, Suite 400
Madison, WI 53717

PLEASE TAKE NOTICE that pursuant to §804.05, Wis. Stats., at the instance of Plaintiffs, the deposition is to be visually recorded, filed and preserved pursuant to the provisions of §885.44 and §885.46, Wis. Stats., before a Notary Public Reporter at the law offices of Murphy & Prachthauser, 330 East Kilbourn Avenue, Suite 1200, Milwaukee, WI 53202, on November 3, 2021, at 9:00 a.m., plaintiffs will take the depositions listed below pursuant to §804.05(2)(e):

Deponent:    One or more officers, directors or managing agents designated by Home Depot U.S.A., Inc. to testify on its behalf regarding:

1.    Purchase and sale of the Jenn-Air Double Oven Freestanding Range ultimately installed at 8565 Fairview Drive Allenton, WI.

2.    The delivery and installation of the subject Jenn-Air Double Oven Freestanding Range at 8565 Fairview Drive Allenton, WI, including the specific Home Depot U.S.A., Inc. employees who performed the work.

3.    Quality control relating to the subject model product when it arrives at Home Depot U.S.A., Inc.

4.    Quality control relating to the subject model product before Home Depot U.S.A., Inc. leaves a product in the home of a customer.

5.    The function of and placement of the plate separating the gas components from the electrical components in the subject model product.

6.    Reasons for removal of the plate separating the gas components and electrical components in the subject model product.

7.    All lawsuits, complaints, and/or petitions filed against Home Depot U.S.A., Inc. or its employees in which it was alleged that the subject model product or similar product was installed improperly or failed.

8.    All communication with Whirlpool Corporation or its subsidiaries. regarding installation and delivery of the Jenn-Air Double Oven Freestanding Range.

This deposition will be subject to continuance from time to time and place to place until completed.

**Failure to appear may result in punishment for contempt.**

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

P.O. ADDRESS:
330 East Kilbourn Avenue, #1200
Milwaukee, WI 53202
414-271-1011
414-271-9987 FAX
tllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

MURPHY & PRACHTHAUSER
Attorneys for Plaintiffs


By: _/s/ Thadd J. Llaurado_
    Thadd J. Llaurado (# 1000773)
    Michelle M. Hockers (# 1095173)

SERVED PERSONAL SUBSTITUTE

AT 10:50 AM THIS 3rd DAY OF Aug 20 21

AT THE _____ CITY _____ OF _____ MADISON _____

KALVIN D. BARRETT

BY _____ #703

Deputy Sheriff