UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICK L CHIANELLI, ET AL,

                Plaintiffs,

v.                                                               Case No. 21-cv-1008-bhl

WHIRLPOOL CORPORATION, ET AL,

                Defendants.

## ORDER GRANTING MOTION TO AMEND THE COMPLAINT AND SCHEDULING ORDER

      Rick and Jean Chianelli's Easter Sunday took an unfortunate turn when their Jenn-Air Double Oven Range burst into flames. (ECF No. 28 at 2.) The fire injured Rick and damaged the Chianelli's property. (*Id.*) The couple has spent the last two years attempting to identify the responsible party. They first brought suit a year ago, in state court, against Whirlpool Corporation (the oven's manufacturer), Home Depot USA, Inc. (the oven's seller), and a "John Doe" (the oven's mystery installer). (*Id.* at 3.) While an invoice attributed installation to Home Depot, the company consistently disclaimed responsibility. (*Id.* at 3-4.) The case was removed to this Court and discovery proceeded, but it was not until June 3, 2022 that Home Depot finally identified General Electric Company as the actual installer. (*Id.* at 6.) At that point, the time for the Chianelli's to amend their complaint as a matter of course had expired. (ECF No. 26 at 1.) The parties also had only a month to make primary expert witness disclosures. (*Id.*) Thus, on June 9, 2022, the Chianelli's filed a motion to amend the pleadings and scheduling order. (ECF No. 27.) Co-Plaintiff West Bend Mutual Insurance Company has asked to join that motion. (ECF No. 30.) No opposition was ever filed. Accordingly, because it finds good cause on all counts, the Court will grant the pending motions.

### ANALYSIS

**I.    Justice Requires the Court to Grant Plaintiffs Leave to Amend their Complaint.**

      According to Federal Rule of Civil Procedure 15, when the time to amend a complaint as a matter of course has expired, a party may only amend "with the opposing party's written consent

or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* And "justice so requires" quite often. "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."'" *Barry Aviation, Inc. v. Land O'Lake Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Plaintiffs diligently investigated the identity of the Jenn-Air oven range installer. Only two weeks into discovery, they served both known Defendants with written discovery requests and notices of depositions. (ECF No. 28 at 4.) When Defendants' interrogatory responses failed to reveal the installer, Plaintiffs attempted to tease the answer out in depositions. (*Id.* at 4-5.) That too failed, but Plaintiffs stayed in constant contact with Defendants, pressed for more material, and eventually, on June 3, 2022, got the information they sought. (*Id.* at 5-6.) Less than a week later, they filed the pending motions. (ECF No. 27.) Throughout this case, Plaintiffs have operated in good faith and acted with urgency. The Court therefore finds that justice requires leave to amend the complaint to name the newly discovered Defendant General Electric Company.

## II. Plaintiffs Have Shown Good Cause to Modify the Scheduling Order.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When it comes to "good cause," "the primary consideration . . . is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). As previously noted, Plaintiffs in this case have acted diligently. They actively engaged Defendants until they successfully identified the installer of their allegedly defective oven range. They then quickly moved to amend the pleadings and scheduling order. This satisfies good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Rick and Jean Chianelli's motion to amend the pleadings and modify the scheduling order, ECF No. 27, is **GRANTED**.

Plaintiffs may file an amended complaint adding General Electric Company as a defendant. Additionally, the Court will amend its Scheduling Order so that primary expert witness disclosures are now due on or before **October 14, 2022**; rebuttal expert witness disclosures are now due on or

before **December 16, 2022**; and the dispositive motion and expert discovery deadline is now **February 15, 2023**.

      **IT IS FURTHER ORDERED** that Plaintiff West Bend Mutual Insurance Company's motion to join Plaintiffs Rick and Jean Chianelli's motion to amend the pleadings and modify the scheduling order, ECF No. 30, is **GRANTED**.

      Dated at Milwaukee, Wisconsin on July 22, 2022.

      s/ *Brett H. Ludwig*
      BRETT H. LUDWIG
      United States District Judge